# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Emily F. Canfield, et al.,<br><br>                Defendants. | No. CR-01-00256-002-PHX-NVW<br><br>**REPORT AND RECOMMENDATION** |

The United States of America has filed a Motion for Charging Order against Defendant Michael Allen Canfield's interest in Twalker Development, LLC. (Doc. 117.). On July 10, 2015, District Judge Neil V. Wake referred the Motion to this Court for consideration. (Doc. 119.) Neither Twalker Development, LLC nor Mr. Canfield has filed a response to the Motion and the time to do so has passed. *See* LRCiv. 7.2(c). For the reasons below, this Court recommends that the United States' Motion be granted.

On April 12, 2002, Judgment was entered for the United States and against Mr. Canfield for a $25,000.00 fine, with restitution to be determined at later date. (Doc. 74.) On April 25, 2002, a Restitution Order for the United States and against Mr. Canfield was imposed in the sum of $4,804,173.29. (Docs. 74, 83.) The United States asserts that as of March 2, 2015, there is still due and owing the sum of $4,791,231.29. (Doc. 117.)

The United States may collect on a judgment using the procedures available for collection of fines set forth in 18 U.S.C. § 3613(a), and "may enforce a judgment

imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." *United States v. Berger*, 574 F.3d 1202, 1205 (9th Cir. 2009) (quoting 18 U.S.C. § 3613).  A.R.S. § 29-655(A) provides the following:

> On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the member's interest in the limited liability company with payment of the unsatisfied amount of the judgment plus interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the member's interest.

Additionally, pursuant to A.R.S. § 29-732(A):

> An interest in a limited liability company is personal property and, except as provided in an operating agreement or article 11 of this chapter, may be assigned in whole or in part. The assignment of an interest in a limited liability company does not dissolve the limited liability company or entitle the assignee to participate in the management of the business and affairs of the limited liability company or to become or to exercise the rights of a member, unless the assignee is admitted as a member as provided in section 29-731. An assignee that has not become a member is only entitled to receive, to the extent assigned, the share of distributions, including distributions representing the return of contributions, and the allocation of profits and losses, to which the assignor would otherwise be entitled with respect to the assigned interest.

Here, the United States obtained a judgment against Mr. Canfield. (*See* Docs. 74, 83.)  The United States avers that: (1) the judgment against Mr. Canfield is due to be paid; (2) Mr. Canfield has not satisfied the judgment; (3) Mr. Canfield is a member of Twalker Development, LLC; (4) management of Twalker Development, LLC is reserved to TCT7247 Trust; and (5) Mr. Canfield is the Trustee of the Trust. (Doc. 117.)  Neither Twalker Development, LLC nor Mr. Canfield has responded to the United States' Motion.  Based on the above, this Court finds good cause to grant the United States' Motion.

Accordingly,

**IT IS RECOMMENDED** that the United States' Motion for a Charging Order (Doc. 117) be granted.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

**IT IS ORDERED** that on or before **September 7, 2015** Plaintiff/Judgment Creditor the United States of America shall serve a copy of this Report and Recommendation on Defendant/Judgment Debtor Michael Allen Canfield, and file proof of service.

Dated this 1st day of September, 2015.

Honorable John Z. Boyle
United States Magistrate Judge